IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

    Debtor

_____/

No. C-02-3838 MMC

Consolidated Cases

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS; VACATING HEARING**

    Before the Court is the motion of defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd. (collectively, "Fort James") for leave, pursuant to Rules 13(f) and 15(a) of the Federal Rules of Civil Procedure, to file a proposed pleading titled First Amended Answer to Second Amended Complaint; Counterclaims; and Jury Demand ("Proposed FAA"). Plaintiffs Crown Paper Company, Crown Vantage, Inc., Jeffrey H. Beck, Liquidating Trustee, and Crown Paper Liquidating Trust (collectively, "the Trustee") have filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for March 10, 2006, and rules as follows.

    Fort James seeks leave to add two claims pertaining to the March 18,1998 Option and Settlement Agreement ("OSA") between Crown Paper Co. and Crown Vantage, Inc.

(collectively, "Crown") and Fort James.  First, Fort James requests leave to add a claim for breach of contract based on the allegation that the Trustee, by filing the instant action and other actions in California, has breached a provision in the OSA by which Crown agreed not to file certain claims against Fort James.  As relief for such alleged breach, Fort James seeks an award of damages, specifically, reasonable attorneys' fees incurred in the instant action as well as in "other actions filed by Crown against Fort James in California."  (See Proposed FAA ¶ 40.b.)  Second, Fort James requests leave to add a claim for declaratory relief, by which Fort James seeks a declaration that the OSA bars the actions the Trustee has filed against Fort James in California, including the instant action (see id. ¶¶ 41.a., 41.d.), a declaration that the OSA is "valid and enforceable," (see id. ¶ 41.c), a declaration that the claims alleged against "McGuire Woods, Robert Williams, Clifford Cutchins, and Stephen Hare" and "professional service firms" (collectively, "Liquidating Trust Action defendants") in Crown Paper Liquidating Trust v. Coopers & Lybrand, C 02-3836 MMC, were released by Crown under the OSA, (see id. ¶¶ 41.e, 41.f), and a declaration that Fort James and the Liquidating Trust Action defendants are entitled to attorneys' fees incurred in the actions filed in California by the Trustee, (see id. ¶ 41.g).[1]

Leave to amend any pleading "shall be freely given when justice so requires."  See Fed. R. Civ. P. 15(a).  Similarly, leave to amend to file a counterclaim shall be given "when justice requires."  See Fed. R. Civ. P. 13(f).  In considering whether to allow an amendment to a pleading, a district court considers four factors: "bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  See DCD Programs, Ltd. v. Leighton, 833 F. 2d 183, 186 (9th Cir. 1987).

Here, the Trustee's first argument is that the proposed claims are untimely because Fort James, on October 10, 2002, filed the same claims in Delaware state court, rather

---

[1] In its prayer for relief, Fort James requests, inter alia, "[a]n Order awarding Fort James' attorneys' fees and all other relief ordered pursuant to the Delaware Action."  (See Proposed FAA, prayer ¶ 7.)  Such request does not appear to relate to either of the two proposed new claims, each of which refers to actions the Trustee filed against Fort James in California, not actions Fort James filed in other states.  Because neither party has addressed this part of the prayer, however, the Court has not addressed it herein.

2

than in the instant action. This argument is unpersuasive. Under the OSA's forum selection clause, Fort James was required to file the subject claims in Delaware. (See Supp. Coyne Decl., filed February 24, 2006, Ex. B ¶ 7.5.) Subsequently, the Ninth Circuit held the Delaware action should be enjoined under the Barton doctrine. See Beck v. Fort James Corp., 421 F. 3d 963 (9th Cir. 2005). Fort James then attempted, without success, to obtain the Trustee's stipulation to allow Fort James to file the subject claims in the instant action, and, within six weeks after the Delaware action was dismissed, filed the instant motion. Under such circumstances, the Court finds Fort James has not acted with undue delay, particularly in light of the fact the trial is not scheduled to begin until February 2007.

Even assuming, arguendo, there was undue delay, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." See Bowles v. Reade, 198 F. 3d 752, 758 (9th Cir. 1999). Rather, an order denying a motion to amend must be supported by a "specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." See id. Here, the Trustee does not argue that Fort James has acted in bad faith, nor does the Trustee identify any specific prejudice it would incur if amendment were allowed. Rather, the Trustee asserts, the proposed claims are futile.

In particular, the Trustee argues the proposed claim for breach contract, by which Fort James seeks attorneys' fees, is futile because Fort James may only seek attorneys' fees by a motion filed after a final judgment in its favor, and not by a counterclaim. The Trustee, however, has not addressed Rule 54(d)(2)(A), which provides that "[c]laims for attorneys' fees and related non-taxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." See Fed. R. Civ. P. 54(d)(2)(A) (emphasis added); see also Fed. R. Civ. P. 54, Advisory Committee's Note, 1993 Amendments (stating Rule 54(d)(2)(B), providing fee request must be made by motion after entry of judgment, is inapplicable to "fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury"). Because the Trustee has not shown Rule

54(d)(2)(A) is inapplicable to Fort James's proposed breach of contract claim, the Trustee has failed to show that claim necessarily is futile.

The Trustee next argues that the proposed claim for declaratory relief, or portions thereof, is futile, on the ground Fort James lacks standing to seek declaratory relief. To have standing to assert a claim for declaratory relief, a plaintiff must allege the existence of a "substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." See Scott v. Pasadena Unified Sch. Dist., 306 F. 3d 646, 658, 661 (9th Cir. 2002) (finding no "substantial controversy" warranting issuance of declaratory judgment as to legality of school's admission policy, where injury alleged by plaintiff was "speculative"), cert. denied, 538 U.S. 1031 (2003). Here, to the extent Fort James seeks a declaration that the Liquidating Trust Action defendants have rights under the OSA, the claim is futile because Fort James lacks standing to assert the rights of third parties. See Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F. 3d 56, 62 (9th Cir. 1994) (holding plaintiff lacked standing to assert claim that city's licensing practices deprived third parties of property and liberty interests).[2] Also, to the extent Fort James seeks a declaration that the claims filed in the instant action by the Trustee on behalf of Crown's creditors are claims that were released in the OSA, the claim is futile for lack of any existing controversy, as the Court previously has found such release is not binding on the creditors. (See Order Granting Pls.' Mot. for J. On Pleadings, January 12, 2005, at 5.)[3]

//
//
//

---

[2] An exception to the general rule against asserting the rights of a third party exists where, in addition to other requirements, the plaintiff demonstrates there is "some hinderance to the third party's ability to protect his or her own interests." See id. (internal citation and quotation omitted). Fort James, however, does not allege that the Liquidating Trust Action defendants face any hinderance to asserting their own rights.

[3] The Trustee does not identify any specific reason why the remaining portions of the proposed claim for declaratory relief are necessarily futile.

4

**CONCLUSION**

For the reasons stated above, Fort James's motion to amend is hereby GRANTED in part and DENIED in part, as follows: Fort James may file its proposed FAA, with the exception of any claim seeking declaratory relief with respect to the rights of the Liquidating Trust Action defendants and with respect to any claim alleged by the Trustee on behalf of Crown's creditors. Fort James shall file its FAA no later than March 31, 2006.

**IT IS SO ORDERED.**

Dated: March 15, 2006

MAXINE M. CHESNEY
United States District Judge