IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

    Debtor

CROWN PAPER COMPANY, et al.,

    Plaintiffs

    v.

FORT JAMES CORPORATION, f/k/a JAMES RIVER CORPORATION OF VIRGINIA, et al.,

    Defendants

No. C-02-3838 MMC

**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE PORTIONS OF FORT JAMES' AMENDED COUNTERCLAIMS; VACATING HEARING**

    Before the Court is the motion, filed April 20, 2006 by plaintiffs Crown Paper Company, Crown Vantage, Inc., Jeffrey H. Beck, Liquidating Trustee, and Crown Paper Liquidating Trust (collectively, "Crown") to strike, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, portions of the "First Amended Answer to Second Amended Complaint; Counterclaims; and Jury Demand" ("FAA"), filed March 31, 2006 by defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd. (collectively, "Fort James"). Fort James has filed

opposition, to which Crown has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for June 2, 2006, and rules as follows.

By motion filed February 1, 2006, Fort James sought leave to amend its counterclaims, and included therein its proposed new allegations. By order filed March 15, 2006, the Court granted in part and denied in part Fort James' motion, specifically, the Court afforded Fort James leave "to file its proposed FAA, with the exception of any claim seeking declaratory relief with respect to the rights of the Liquidating Trust Action defendants[1] and with respect to any claim alleged by the Trustee on behalf of Crown's creditors." (See Order Granting in Part and Denying in Part Defs.' Mot. for Leave to File Amended Counterclaims at 5:2-6.) Thereafter, on March 31, 2006, Fort James filed its FAA. Crown now moves to strike three portions of the FAA, arguing Fort James did not obtain leave to include such allegations.

First, Crown objects to the allegation that "[a]n actual controversy exists between Fort James and Crown regarding the enforceability of the Settlement Agreement[ ][2] and the rights and obligations of Crown and Fort James and the other released parties under the Settlement Agreement" (see FAA ¶ 41.b), to the extent such allegation includes the rights and obligations of other parties. As noted above, the Court denied Fort James leave to seek declaratory relief with respect to the rights of third parties. Accordingly, the phrase "and the other released parties" will be stricken from ¶ 41.b.

Second, Crown objects to the allegation that "Fort James is entitled to recover attorneys' fees and costs incurred by Fort James directly and on behalf of its indemnities in connection with the California Actions and Crown Paper Liquidating Trust v. Coopers &

---

[1] "Liquidating Trust Action defendants" is a reference to "McGuireWoods, Robert Williams, Clifford Cutchins, [ ] Stephen Hare, and professional service firms [named as defendants] in Crown Paper Liquidating Trust v. Coopers & Lybrand, C 02-3836 MMC." (See Order Granting in Part and Denying in Part Defs.' Mot. for Leave to File Amended Counterclaims at 2:11-13.)

[2] "Settlement Agreement" is a reference to the March 1998 Option and Settlement Agreement. (See FAA ¶ 40.a.)

1  Lybrand, et al. ("Liquidating Trust Action") pursuant to Settlement Agreement § 2.3(b)" (see
2  FAA ¶ 41.g), to the extent the allegation includes fees and costs Fort James incurred on
3  behalf of others.  Crown argues Fort James did not seek, let alone receive, leave to amend
4  to include such claim.  In its motion to amend, Fort James sought leave to amend to
5  include the following claim: "Fort James, McGuireWoods, Robert Williams, Clifford
6  Cutchins, Stephen Hare, and the professional service firms named in the Liquidating Trust
7  Action are entitled to recover their attorneys' fees and costs incurred in connection with the
8  California Actions and the Liquidating Trust Action pursuant to Settlement Agreement
9  § 2.3(b)," (see Defs.' Mot. for Leave to File Amended Counterclaims at 3:27-4:3); as noted,
10 the Court denied leave to amend to allege the Liquidating Trust Action defendants were
11 entitled to recover their fees and costs.  Fort James did not seek leave to allege its
12 entitlement to recover funds it expended on behalf of the Liquidating Trust Action
13 defendants, and, consequently, leave to amend to include such a claim has never been
14 granted.
15         Fort James asserts inclusion of such claim would be consistent with the Court's
16 order, arguing, in effect, it received implicit permission to include it.  The Court disagrees.
17 The Court never considered the claim because the motion to amend made no reference,
18 direct or otherwise, to a claim based on indemnification agreements between Fort James
19 and other parties, nor did Fort James suggest Crown has any obligation under the
20 Settlement Agreement to reimburse Fort James for funds expended in its capacity as an
21 indemnitor.  Accordingly, the phrase "and on behalf of its indemnities" and the phrase "and
22 Crown Paper Liquidating Trust v. Coopers & Lybrand, et al. ('Liquidating Trust Action')" will
23 be stricken from ¶ 41.g.  See Fed. R. Civ. P. 15(a) (providing "party may amend the party's
24 pleading only by leave of court or by written consent of the adverse party").
25         Third, Crown objects to language, in the prayer for relief, essentially identical to the
26 above-referenced allegation concerning Fort James' entitlement to fees expended in its
27 capacity as an indemnitor.  (See FAA, prayer ¶ 3.)  For the reasons stated above, the
28 phrase "and on behalf of its indemnities" and the phrase "and the Liquidating Trust Action"

3

will be stricken from ¶ 3 of the prayer.

## CONCLUSION

For the reasons expressed, Crown's motion to strike is hereby GRANTED, and the following portions of the FAA are hereby STRICKEN:

1. From ¶ 41.b, the phrase "and the other released parties";

2. From ¶ 41.g, the phrase "and on behalf of its indemnities" and the phrase "and Crown Paper Liquidating Trust v. Coopers & Lybrand, et al. ('Liquidating Trust Action')"; and

3. From ¶ 3 of the prayer, the phrase "and on behalf of its indemnities" and the phrase "and the Liquidating Trust Action."

**IT IS SO ORDERED.**

Dated: May 26, 2006

_____
MAXINE M. CHESNEY
United States District Judge

4