Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287
Special Master

E-Filing

**FILED**

AUG 1 4 2006

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

Debtor.

Employer I.D. #54-1752384

Case No: C 023836 MMC
JAMS Reference No. 1100036698

**REPORT NO. 10: ORDER ON MOTION BY FORT JAMES TO COMPEL PRODUCTION OF LEOPOLD INTERVIEW NOTES (Hrg., 8/2/06)**

On August 2, 2006 in a telephone conference call at JAMS San Francisco, the Special Master heard the motion of defendant Fort James to compel plaintiff Crown to produce a copy of interview notes made by attorneys at the firm of Akin, Gump, Strauss Hauer & Field, counsel for the committee of unsecured creditors, during an interview of Ernest Leopold. Counsel for all affected parties were present by telephone. Having considered all the arguments presented, the Special Master now makes the following order.

### I.   RELEVANT FACTS

This is a renewal of a motion that the Special Master heard on May 13, 2005. At the request of the parties, the Special Master never issued a decision. Since Mr. Leopold's deposition is about to be completed, the parties have now asked for a decision.

Mr. Leopold is a former officer of James River Corporation. He was deposed in a related Delaware case in February and March 2005. He testified that about three years earlier he had been interviewed about facts in this case by lawyers from Akin Gump, who evidently represented either the secured or unsecured creditors' committee. He was represented at the meeting by an attorney. [Leopold tr. 690-691]. Mr. Beus, counsel for Crown in this case, had obtained Akin, Gump's handwritten notes of the interview and used them to prepare for and to assist in his examination of Mr. Leopold in the 2005 deposition.

Numerous times during the deposition Mr. Beus asked Leopold whether he recalled saying something to the Akin Gump lawyers, usually to refresh his recollection, occasionally to cross-examine and challenge Leopold's testimony. At the deposition Mr. Beus declined to provide the notes to counsel for Fort James, saying that they were work product and that he had merely "paraphrased" from them. [Leopold tr. 810]

Fort James argues that Akin Gump waived its work product protection by providing the notes to counsel for Crown. Fort James further argues that it has a compelling need for the notes in order to impeach or rehabilitate Leopold effectively <u>at the deposition</u>. If Fort James can't conduct a complete, effective examination now, it argues, it may be unable to do so at the trial if Leopold is not present and an Akin Gump lawyer testifies to contradict Leopold's deposition testimony.[1]

Crown argued that its interests are aligned with those of the creditors, so Akin Gump did not waive its work product protection by giving the notes to Crown. It argued further that Mr. Beus did not quote from the notes and used them basically to refresh Leopold's recollection.

---

[1] Although Fort James would presumably obtain the notes at trial if an Akin Gump lawyer testified, it would be unable to rehabilitate Leopold if he did not attend the trial.

Crown further notes that Leopold was not in fact impeached with the notes, so there is no evidentiary basis to demand their production.

## II. ANALYSIS

The Akin Gump notes were plainly entitled to work product protection. It is not clear whether they contained opinion work-product, but at the very least they represented an attorney's impressions of the important points made during the Leopold interview. Moreover, it is not disputed that the notes were created as part of Akin Gump's investigation to determine whether to initiate litigation on behalf of the creditors against Fort James or others.

Providing the notes to Crown's counsel in this case was not a waiver if the creditors and Crown shared a "common interest" that was adverse to that of Fort James, which is seeking production. U.S. v. AT&T Co., 642 F. 2d 1285, 1299 (D.C. Cir 1980). It appears that the fraudulent conveyance claims against Fort James could have been brought either by the creditors or the trustee, but that the court determined that the trustee should bring them. Both parties had a similar interest in investigating and prosecuting any misconduct by Fort James or its agents that damaged the creditors or the bankruptcy estate. Therefore, the Special Master concludes that providing the notes to Mr. Beus's firm did not waive Akin Gump's privilege.

The court may require production of non-opinion work product upon a showing that the party seeking discovery has a "substantial need" and cannot obtain the information by other means. Fed. R. Civ. P. 26(b)(3). Fort James asserts that it has a "substantial need" for the notes to conduct an effective examination of Leopold. Having reviewed the transcript, the Special Master concludes this is not the case. Mr. Beus used the notes largely to refresh Leopold's recollection. Even though Mr. Beus verged onto cross-examination at times, there was no indication that Leopold was impeached by the notes. In fact, the witness evidenced virtually no

recollection at all of what he had said to the Akin Gump lawyers. Therefore, were Fort James's lawyer to examine him with the notes in hand, it is unlikely Leopold would remember anything more. Simply put, there is no indication that the notes would be useful to Fort James at all – and don't appear to have been very useful to Crown. Therefore, the Special Master concludes that Fort James has not shown a "substantial need" to obtain these attorney notes.

### III.   ORDER

Good cause appearing, it is ORDERED that Fort James's motion is DENIED.

Dated: August 8, 2006

_____
Martin Quinn
Special Master

## PROOF OF SERVICE BY MAIL & FACSIMILE

I, Lisa Banks, not a party to the within action, hereby declare that on August 10, 2006 I served the attached REPORT NO. 10: ORDER ON MOTION BY FORT JAMES TO COMPEL PRODUCTION OF LEOPOLD INTERVIEW NOTES (Hrg., 8/2/06) on the parties in the within action by facsimile and depositing true copies thereof enclosed in sealed envelopes with certified postage thereon fully prepaid, in the United States Mail, at San Francisco, California, addressed as follows:

Leo R. Beus Esq.
Beus Gilbert PLLC
4800 North Scottsdale Road
Suite 6000
Scottsdale, AZ 85251 USA

Joseph F. Coyne, Jr. Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope Street
48th Floor
Los Angeles, CA 90071

Michelle Sherman Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope Street
48th Floor
Los Angeles, CA 90071

Benjamin K. Riley Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94111 USA

Maxine Chesney
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor, Rm.1111
San Francisco, CA 94102 USA

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on August 10, 2006.

_____
Signature

F:\APPS\JAMS32\TEMPLATE\Discovery\prfcrtfx.rtf