

Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287
Special Master

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

C-02-3838 MMC

In re:

CROWN VANTAGE, INC.,

Debtor.

Employer I.D. #54-1752384

Case No.: C 0203836 MMC
JAMS Ref. No.: 1100036698

SPECIAL MASTER'S ORDER NO. 11: MOTION BY FORT JAMES TO COMPEL FURTHER RESPONSE TO INTERROGATORIES (Hrg., 11/7/06)

On November 7, 2006 in a telephone conference call at JAMS San Francisco, the Special Master heard the motion of defendant Fort James to compel plaintiff Crown to provide a further response to Interrogatory No. 22 (Sixth Set). Having considered all the arguments presented, the Special Master now makes the following order.

I.     **Relevant Facts**

On August 14, 2006 Fort James served its Sixth Set of interrogatories, consisting of one interrogatory, No. 22, that required Crown to "identify all evidence" upon which it based its contention that the August 1995 transfers were made with actual intent to defraud creditors of Crown. On September 15, 2006, Crown responded. Its response listed in 27 bullet-points evidentiary facts to support its contention, listed 22 depositions from which "further evidence" could be found, and referred Fort James to all the marked deposition exhibits in the case.

Fort James complains that the bullet-point responses are not specific enough, and that it is meaningless and improper to incorporate by reference the entirety of virtually every deposition

and all deposition exhibits. Fort James essentially says that the response is so broad that it is not a true response to the question.

## II. Analysis

Overly broad contention interrogatories are abusive [*Roberts v. Heim*, 130 F.R.D. 424,427 (N.D. Cal. 1989)], but so are overly general responses. The trick for a court is to enable the propounding party to pin down the responding party to the actual evidence that will support a specific contention, without requiring the responding party to regurgitate all the evidence in the case. Although Interrogatory No. 22 was broad, asking for all the evidence Crown has to support its one remaining claim, it was proper. Crown's bullet-point responses, while commendably detailed in many respects, need to be tightened up in a few places. Also, it is generally non-responsive to answer an interrogatory by referring to all the documents and depositions taken in the case.

Therefore, the Special Master will require Crown to serve a further response that does the following:

- In its first bullet-point, identifies "the Projections," explains in what way they are "based on a faulty analysis of historical trends" and identifies the "assumptions" referred to.
- In its third bullet-point, identifies the "post-Spin representation letters" and the "earlier financial statements" by Bates or Exhibit number.
- In its fourth bullet-point, identifies the individuals at Fort James who allegedly knew the matters referred to.
- In its sixth bullet-point, identifies the "post-Spin working agreements" and explains in what way they were "one-sided."
- In its seventh bullet-point, identifies the "unsuccessful attempts."
- In its tenth bullet-point, identifies the "Fort James executives" and identify by date or otherwise the stock sale transactions referred to.
- In its eighteenth bullet point, identifies the "financial and projection information," and identifies the individuals at Fort James who allegedly knew the projections would be relied upon.
- In its twenty-third bullet-point, identifies by date, document participant or otherwise the "material misrepresentations" referred to.
- Provides page and line references to the particular parts of the deposition transcripts that allegedly support Crown's contention.
- Identifies by Bates numbers, or another manner that unmistakeably identifies them, the particular documents that support Crown's contentions.

///

### III.  Order

Good cause appearing, it is ORDERED that Fort James's motion is GRANTED to the extent set forth above. Crown shall serve further responses within 20 days from the date of this Order, or in accordance with any Order made by the Court in the event an objection is filed.

Dated: November 10, 2006

Martin Quinn
Special Master