Martin Quinn
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 982-5267
Fax: (415) 982-5287
Special Master

ORIGINAL

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

C-02-3838 MMC

In re:

CROWN VANTAGE, INC.,

Debtor.

Employer I.D. #54-1752384

Case No.: C 0203836 MMC
JAMS Ref. No.: 1100036698

SPECIAL MASTER'S ORDER NO. 12: MOTION BY CROWN TO COMPEL PRODUCTION OF TAX RETURNS AND RELATED DOCUMENTS (Hrg. 11/7/06)

On November 7, 2006 in a telephone conference call at JAMS San Francisco, the Special Master heard the motion of Crown to compel Fort James to produce the 1995 James River tax return and related documents. Having considered all the arguments presented, the Special Master now makes the following order.

I.    **Relevant Facts**

On June 26, 2006, Crown served its Sixth Set of document requests, consisting of Nos. 10 and 11 that required Fort James to produce its 1995 federal income tax return and all information Fort James submitted to the IRS relating to its tax-free reorganization. On July 18, 2006, Fort James responded by objecting to both requests on the grounds they were burdensome and sought privileged material.

On August 11, 2006, the Court granted Fort James's motion for summary judgment as to Crown's claim of fraudulent transfer based on Virginia Code § 55-81 [a transfer for which no valuable consideration was received is void as to existing creditors]. The Court denied the motion as to Crown's other fraudulent transfer claim – now its only remaining claim – based on

1

Virginia Code § 55-80 [a transfer given with intent to delay, hinder or defraud creditors and others is void]. In making that ruling, the Court held that, "for purposes of determining whether Crown received consideration," the various parts of the Spin transaction were to be viewed as "one integrated transaction."

Crown contends that one piece of evidence showing that Fort James intended to hinder, delay or defraud creditors was Fort James's "material misrepresentations to the IRS in order to secure the approval of a tax-free transaction. (Crown's response to Interrogatory No. 22, Sixth Set; see Special Master's Order No. 11).

## II.  Analysis

The parties agree that tax returns and related tax information is covered by a qualified privilege. Returns and related information may be obtained in discovery if they are relevant and material, and the requesting party has a compelling need for them since there are no alternative sources to obtain the information. *U.S. v. Bonanno Organized Crime Family, etc.*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988).

The primary issue here is whether, in light of the summary judgment rulings, the tax returns and reorganization documents are relevant. Fort James argues that the Court ruled that its alleged misrepresentations to the IRS in connection with the Spin are irrelevant to any issues in this case. The Special Master does not read the Court's order so broadly. The Court merely held that Fort James's description of the Spin transaction to the IRS as two transactions did not estop it from arguing, for purposes of determining whether it gave consideration to Crown, that the Spin was one integrated transaction. The Court did not address at all whether material misrepresentations by Fort James to the IRS would amount to evidence of intent to defraud creditors. The Court's view on that question is unknown, and the issue is plainly still in the case as shown by Crown's recent response to Interrogatory No. 22. Therefore, the Special Master concludes that, for purposes of discovery only, Fort James's 1995 tax return and the related reorganization documents are material and relevant.

The subsidiary issue is whether the information contained in the tax return and reorganization documents is available elsewhere. Plainly it is not. Although the facts stated in

the documents undoubtedly are also contained in other documents, the question here is what Fort James said to the IRS. That can be answered only by seeing the documents that it provided the IRS. Therefore, the Special Master concludes that the requested documents are not available to Crown elsewhere.

### III. Order

Good cause appearing, it is ORDERED that Crown's motion is GRANTED. Fort James shall produce the documents requested within 20 days following the date of this Order, or in accordance with any Order made by the Court in the event an objection is filed.

Dated: November 10, 2006

Martin Quinn
Special Master

## PROOF OF SERVICE BY MAIL

I, Claire Vranicar, not a party to the within action, hereby declare that on November 13, 2006 I served the attached Special Master's Orders No. 11 & 12 on the parties in the within action by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at San Francisco, California, addressed as follows:

Leo R. Beus Esq.
Beus Gilbert PLLC
4800 North Scottsdale Road
Suite 6000
Scottsdale, AZ 85251  USA

Joseph F. Coyne, Jr. Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope St.
48th Floor
Los Angeles, CA 90071

Benjamin K. Riley Esq.
Howrey LLP
525 Market Street
Suite 3600
San Francisco, CA 94111  USA

Al Morrison
Beus Gilbert PLLC
4800 N. Scottsdale Rd.
Suite 6000
Scottsdale, AZ 85251  USA

Malcolm Loeb Esq.
Beus Gilbert PLLC
4800 North Scottsdale Road
Suite 6000
Scottsdale, AZ 85251  USA

Michelle Sherman Esq.
Sheppard, Mullin, Richter & Hampton
333 S. Hope St.
48th Floor
Los Angeles, CA 90071

Maxine Chesney
United States District Court
Northern District of California
450 Golden Gate Ave, 16th Floor, Rm.1111
San Francisco, CA 94102  USA

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA on November 13, 2006.

_____
Signature