IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

    Debtor

CROWN PAPER COMPANY, et al.,

    Plaintiffs

    v.

FORT JAMES CORPORATION, f/k/a JAMES RIVER CORPORATION OF VIRGINIA, et al.,

    Defendants

No. C-02-3838 MMC

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT ONE**

Before the Court is the motion, filed November 9, 2006 by defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd. (collectively, "Fort James"), for summary judgment as to the remaining claim in Count One of the Second Amended Complaint ("SAC").[1] Plaintiffs Jeffrey H. Beck, Liquidating Trustee, and Crown Paper Liquidating Trust (collectively,

---

[1] By order filed August 11, 2006, the Court granted Fort James's motion for summary judgment to the extent Count One is based on a constructive fraud claim and on a claim Crown transferred $48,000,000 to Fort James in a "cash sweep."

1  "Liquidating Trustee") have filed opposition, to which Fort James has replied. The matter
2  came on regularly for hearing on December 15, 2006. Leo R. Beus and Albert J. Morrison
3  of Beus Gilbert PLLC, and Allan Steyer of Steyer Lowenthal Boodrookas Alvarez & Smith
4  LLP, appeared on behalf of the Liquidating Trustee. Joseph F. Coyne, Jr., and Kenneth A.
5  O'Brien, Jr., of Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of Fort
6  James. Having considered the papers filed in support of and in opposition to the motion,[2]
7  and the arguments of counsel, the Court rules as follows.

8  It is undisputed that on or about August 25, 1995, pursuant to a "spin-off," Fort
9  James transferred to Crown Paper Company/Crown Vantage, Inc. (collectively, "Crown")
10  certain portions of Fort James's paper businesses, and Crown transferred cash to Fort
11  James, issued notes in favor of Fort James, and agreed to become liable for certain of Fort
12  James's obligations. The Liquidating Trustee alleges that Crown entered into such
13  transactions with the intent to defraud Crown's creditors. (See Second Amended
14  Complaint ¶¶ 653, 723.)

15  Contrary to Fort James's argument, the Court finds a triable issue of fact exists as to
16  whether Crown acted with the requisite intent. See Temple v. Jones, Son & Co., 179 Va.
17  286, 298 (1942) (holding plaintiff can establish prima facie case of fraudulent transfer by
18  "proving what [are] commonly known as indicia or badges of fraud"); see, e.g., Balzer and
19  Associates, Inc. v. The Lakes on 360, Inc., 250 Va. 527, 532 (1995) (holding triable issue of
20  fact existed as to whether transfer of real property was made with intent to defraud
21  creditors, where plaintiff offered evidence transferee and transferor had "close familial
22  relationship," transferor did not receive "adequate consideration," and transferor was

---

[2] The Court has considered the supplemental submissions filed by each party on January 11, 2007. Earlier, on January 4, 2007, Fort James filed a document beginning with the title "Recently Obtained Deposition Testimony," attached to which are excerpts from the depositions of George Don and Kenneth R. Lemelin; on January 5, 2007, the Liquidating Trustee filed a motion to strike said document, which Fort James has opposed. Because Fort James did not seek advance leave to file additional evidence, the motion to strike is GRANTED. See Civil L.R. 7-3(d). In any event, the newly-offered evidence, if considered, would not entitle Fort James to summary judgment on the remaining claim in Count One.

insolvent at time of transfer).[3]

First, it is undisputed that the August 1995 transactions between Crown and Fort James, Crown's sole shareholder at the time of the transactions, were not at arms-length.

Second, the Liquidating Trustee has offered evidence from which a trier of fact reasonably could conclude Crown received inadequate consideration from Fort James. Specifically, the Liquidating Trustee has offered evidence that Crown provided to Fort James consideration worth approximately $948,000,000, specifically, $484,940,953.48 in cash, (see Order, filed August 11, 2006, at 3:8), $100,000,000 in notes, (see Morrison Decl. App. IV Tab 325 at 6), and an agreement to assume Fort James's liabilities, reported as approximately $363,500,000, (see id. App. IV Tab 324 at 2, App. IV Tab 325 at 6),[4] and that Crown received in exchange from Fort James certain businesses worth, depending on the type of valuation employed, $429,400,000 or $457,000,000, (see Morrison Decl. App. I Tab B at 4 and Schedule 1; id. App. 1 Tab C at 2-3.[5]

At the December 15, 2006 hearing, Fort James represented that Crown's stock had been sold on the open market for a total of $1,025,000,000 immediately after August 25, 1995. As a result, Fort James argued, the Liquidating Trustee could not offer evidence to counter that valuation, in the absence of evidence the public was misled. Assuming,

---

[3] By order filed July 12, 2004, the Court held Virginia law governed Count One. (See Order, filed July 12, 2004, at 14:11.)

[4] At the December 15, 1995 hearing, Fort James argued that, in determining the consideration provided by Crown, "net" liabilities should be added to the cash and notes, rather than the reported liabilities. (See Transcript of Proceedings, December 15, 2006, at 102-03.) In Fort James's filing of January 11, 2007, however, Fort James did not cite to a calculation of "net" liabilities or to evidence from which such calculation could be made. Rather, Fort James argued Crown's assumption of "ongoing operating liabilities" do not constitute consideration paid to Fort James. Again, however, Fort James fails to provide a necessary calculation, in this instance, a calculation reflecting the portion of the reported assumed liabilities attributable to "ongoing" liabilities.

[5] Fort James's objection to the admissibility of the expert reports offered by the Liquidating Trustee is overruled. Although Fort James argues the reports are unsworn, a declaration by each expert adopting the opinions therein was filed as an exhibit to the Liquidating Trustee's November 29, 2006 administrative motion. Although Fort James further argues the experts have relied on documents not in the record, Fort James does not identify the documents it asserts are not contained therein.

3

arguendo, the Supreme Court of Virginia would find a party may not, in the absence of evidence the public was misled, offer evidence of a valuation contrary to that established on the open market,[6] the Liquidating Trustee has offered evidence that, if credited by the trier of fact, would support a finding that Crown made material misrepresentations and withheld material information in documents publicly filed in connection with the August 25, 1995 spin-off. (See id. App. I Tab E at 3-6, 16.)[7]

Third, the Liquidating Trustee has offered evidence that, if credited by a trier of fact, would support a finding that Crown was insolvent on August 25, 1995. (See id. App. I Tab A at 48; id. App. I Tab B at 3.)

Accordingly, Fort James has not demonstrated it is entitled to summary judgment as to the remaining claim in Count One, specifically, the claim that Crown engaged in the August 25, 1995 transactions with the intent to defraud its creditors.

## CONCLUSION

For the reasons stated, Fort James's motion for summary judgment as to Count One is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 12, 2007

MAXINE M. CHESNEY
United States District Judge

---

[6] Fort James cites no case expressly holding a value established on the open market is dispositive as a matter of law. The case on which Fort James primarily relies for such proposition concerned a bench trial, not summary judgment, wherein the district court, applying New Jersey law, found the "price of [the transferor's] publicly traded common stock at the time of the [challenged] transaction" to be the fair market value. In so finding, however, the district court also considered other types of valuation evidence. See VFB LLC v. Campbell Soup Co., 2005 WL 2234606, at *22, *27-28 (D. Del. 2005) (finding "primary factor" in determining fair market value was price of publicly traded stock; considering, but rejecting as "unpersuasive," plaintiff's evidence as to alternative valuations).

[7] The trier of fact need not conclude that every item listed by the Liquidating Trustee's expert was a material misrepresentation or omission.

4