IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

    Debtor

CROWN PAPER COMPANY, et al.,

    Plaintiffs

    v.

FORT JAMES CORPORATION, f/k/a JAMES RIVER CORPORATION OF VIRGINIA, et al.,

    Defendants
_____/

No. C-02-3838 MMC

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON COUNT TWO**

    Before the Court is the motion, filed November 9, 2006 by defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd. (collectively, "Fort James"), for summary judgment as to Count Two of the Second Amended Complaint ("SAC"). Plaintiffs Jeffrey H. Beck, Liquidating Trustee, and Crown Paper Liquidating Trust (collectively, "Liquidating Trustee") have filed opposition, to which Fort James has replied.

Case 3:02-cv-03838-MMC   Document 249   Filed 01/12/07   Page 2 of 6

The matter came on regularly for hearing on December 15, 2006. Leo R. Beus and Albert J. Morrison of Beus Gilbert PLLC, and Allan Steyer of Steyer Lowenthal Boodrookas Alvarez & Smith LLP, appeared on behalf of the Liquidating Trustee. Joseph F. Coyne, Jr., and Kenneth A. O'Brien, Jr., of Sheppard, Mullin, Richter & Hampton LLP appeared on behalf of Fort James. Having considered the papers filed in support of and in opposition to the motion, and the arguments of counsel, the Court rules as follows.

**BACKGROUND**

On or about August 25, 1995, pursuant to a "spin-off," Fort James transferred to Crown Paper Company/Crown Vantage, Inc. (collectively, "Crown") certain portions of Fort James's paper businesses, and Crown provided certain consideration to Fort James, including cash, the assumption of certain liabilities, and $100,000,000 "pay-in-kind" notes ("PIK notes"). (See SAC ¶¶ 252, 254, 256, 262(c).) By agreement dated March 18, 1998, Fort James and Crown entered into an "Option and Settlement Agreement" ("OSA"), in which Crown, inter alia, released any claims it might have had against Fort James and certain other parties, (see Morrison Decl. App. IV Ex. 217 ¶ 2.3), and Fort James, inter alia, reduced by $33,000,000 the principal Crown owed to Fort James on the PIK notes and forgave $188,910 in accrued interest, (see id. ¶¶ 2.2).

**DISCUSSION**

In Count Two, the Liquidating Trustee alleges that when Crown entered into the OSA and released potential claims, Crown engaged in a fraudulent transfer of assets to Fort James.

A bankruptcy trustee, on behalf of the debtor's creditors, may avoid a transfer "voidable under applicable law," see 11 U.S.C. § 544(b)(1), which includes state law, see Wyle v. C.H. Rider & Family (In re United Energy Corp.), 944 F. 2d 589, 593 (9th Cir. 1991). By order filed July 12, 2004, the Court held Virginia law governed Count Two. (See Order, filed July 12, 2004, at 14:11.) Under Virginia law, a transfer "given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their

representatives or assigns, be void." See Va. Code Ann. § 55-80. Additionally, under Virginia Law, a transfer "which is not upon consideration deemed valuable in law . . . by a transferor who is thereby rendered insolvent, shall be void as to creditors whose debts shall have been contracted at the time it was made." See Va. Code Ann. § 55-81.

Fort James argues that the Liquidating Trustee cannot establish a claim under either Virginia statute. The Court agrees.

At the outset, the Court notes that the relief sought by the Liquidating Trustee in Count Two is the following: "an order avoiding and rescinding the releases granted in the [OSA] and/or an award of damages against Fort James for the value of the claims released in the [OSA] in an amount to be determined at trial." (See SAC ¶ 770.) By orders filed September 25, 2003 and July 12, 2004, the Court dismissed with prejudice, on grounds other than the releases in the OSA, all claims the Liquidating Trustee brought herein on behalf of Crown against Fort James.[1] Consequently, the value of the claims Crown released is, as a matter of law, zero, and the Liquidating Trustee cannot establish its entitlement to monetary damages.[2] The other remedy sought, specifically, rescission of the releases, would have the effect of allowing the Liquidating Trustee to file said claims on behalf of Crown in spite of the releases. "Awarding" such relief, however, gives the creditors no remedy, because the Liquidating Trustee already has filed such claims, which, as noted, were dismissed with prejudice on grounds independent of the releases. In short, the Liquidating Trustee has failed to identify a meaningful remedy that could be awarded

---

[1] By those orders, the Court also dismissed with prejudice, on grounds other than the releases, all claims brought by the Liquidating Trustee on behalf of Crown in a related action against a number of other parties, including Fort James's former President and CEO. See Crown Paper Liquidating Trust v. PricewaterhouseCoopers, C 02-3836 MMC. The parties disagree as to whether certain defendants in the related action are covered by the releases in the OSA. Any such disagreement is not material to the instant motion, and no party appears to argue otherwise.

[2] Indeed, in the parties' recently-filed Joint Pre-Trial Statement, the parties jointly represent that "[n]o money damages are claimed in connection with [Count Two]." (See Joint Pre-Trial Statement, filed January 8, 2007, at 3:13.)

3

the creditors.[3]  For this reason alone, summary judgment on Count Two is appropriate.

Alternatively, the Court finds the Liquidating Trustee has failed to establish the existence of a triable issue of fact as to liability, either under Virginia's constructive or intentional fraudulent transfer statutes.

The Liquidating Trustee cannot prevail under § 55-81, Virginia's constructive fraudulent transfer statute, if Crown received from Fort James "any valuable consideration." See Shaia v. Meyer (In re Meyer), 244 F. 3d 352, 355 (4th Cir. 2001) (emphasis added). As noted, in return for the releases, Fort James, inter alia, reduced by $33,000,000 the principal Crown owed to Fort James on the PIK notes and forgave $188,910 in accrued interest. (See Morrison Decl. Tab IV Ex. 217 ¶ 2.2.)  The Liquidating Trustee does not deny that forgiveness of a debt normally constitutes valuable consideration; rather, the Liquidating Trustee argues the debts forgiven by Fort James were never enforceable.  In support of this argument, the Liquidating Trustee first argues that Crown never had an obligation to repay the PIK notes because Crown issued the PIK notes as part of the August 1995 spin-off, in which, the Liquidating Trustee asserts, Crown received nothing of value.  This argument is foreclosed by the Court's prior finding that Crown did receive consideration in the spin-off.  (See Order Granting in Part and Denying in Part Defs.' Mot. for Summ. J., filed August 11, 2006, at 7-8.)  The Liquidating Trustee next argues that, in any event, Crown would not have been able to repay the PIK notes when the principal became due in later years.  This argument likewise fails.  Even if Fort James's ability to recover payment on the PIK notes could be characterized as "doubtful" in light of Crown's then-existing financial condition, Fort James's forgiveness of those debts nevertheless constitutes valid consideration as a matter of law.  See Pierce v. Plogger, 223 Va. 116, 121 (1982) (holding that even where claim released is of "doubtful" validity, release constitutes

---

[3]When the Liquidating Trustee filed the SAC on August 6, 2004, the Liquidating Trustee appeared to recognize as much: "[T]he Trustee contends that Count 2 of this Second Amended Complaint need not be litigated at this time.  The Trustee contends that Count 2 of this Second Amended Complaint will become relevant if and when the Trustee prevails on appeal as to any dismissed claims."  (See SAC ¶ 1.)

valid consideration "as a matter of law").

As to § 55-80, Virginia's intentional fraudulent transfer statute, because the Liquidating Trustee offers no direct evidence of Crown's fraudulent intent, the Liquidating Trustee can establish its claim only by offering sufficient circumstantial evidence, known as "badges of fraud," from which Crown's fraudulent intent reasonably can be inferred. See Temple v. Jones, Son & Co., 179 Va. 286, 298 (1942) (holding plaintiff can establish prima facie case of fraudulent transfer by "proving what [are] commonly known as indicia or badges of fraud"). Among those "badges of fraud," courts applying Virginia law have considered a "close relationship of the parties," the "pursuit of the grantor by creditors at the time of the transfer," the presence of "inadequate consideration," and the "grantor's insolvency." See In re AMA Corp., 175 B.R. 894, 898 (Bankr. W.D. Va. 1984) (citing cases).[4] Here, the Liquidating Trustee has failed to offer any evidence that, in March 1998, a close relationship existed between Crown and Fort James,[5] or that Crown was being pursued by creditors, at least no creditor other than Fort James, to whom the challenged transfer was made. Moreover, the Liquidating Trustee has failed to offer evidence from which a trier of fact reasonably could conclude the consideration received by Crown, which, as noted, included forgiveness of a $33,000,000 debt, constituted inadequate consideration for the releases.[6] Finally, although the Liquidating Trustee argues Crown was insolvent at the time Crown released the subject claims, and even if sufficient evidence exists to

---

[4] Another commonly considered "badge" is the "retention of possession of the property by the grantor," see id., which is not applicable herein.

[5] Fort James ceased being Crown's sole shareholder in late August 1995. (See Order, filed July 12, 2004, at 6:24-28.) With respect to dealings between Fort James and Crown at the time of the OSA, Fort James offers evidence, undisputed by the Liquidating Trustee, that each side was represented by outside counsel and that the parties, through such counsel, engaged in lengthy negotiations that culminated in the OSA. (See Cutchins Decl. ¶ 9.)

[6] The Liquidating Trustee has offered no evidence as to the value of the released claims in March 1998, thereby precluding a comparison between an asserted value of those claims and the value of the consideration paid in exchange therefor. Rather, with respect to the "badge" of inadequate consideration, the Liquidating Trustee argues only that Crown received nothing of value from Fort James, which assertion, as discussed above, the Liquidating Trustee cannot establish.

establish insolvency, such evidence, standing alone, is insufficient to create a triable issue of fact as to Crown's intent. See Fowlkes v. Tucker, 164 Va. 507, 514 (1935) (holding existence of close relationship between parties and insolvency of transferor "do not of themselves constitute badges of fraud" sufficient to establish a fraudulent transfer claim); see, e.g., McClintock v. Royall, 173 Va. 408, 415 (1939) (holding, although "record [was] replete with facts showing the insolvency of [the transferor]," plaintiff failed to establish claim for fraudulent conveyance because plaintiff failed to establish any other fact from which fraudulent intent could be inferred).

Accordingly, Fort James is entitled to summary judgment on Count Two.

## CONCLUSION

For the reasons stated, Fort James's motion for summary judgment on Count Two is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: January 12, 2007

MAXINE M. CHESNEY
United States District Judge