IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re:

CROWN VANTAGE, INC.,

    Debtor

CROWN PAPER COMPANY, et al.,

    Plaintiffs

  v.

FORT JAMES CORPORATION, f/k/a JAMES RIVER CORPORATION OF VIRGINIA, et al.,

    Defendants
_____/

No. C-02-3838 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE JURY DEMAND; VACATING HEARING**

    Before the Court is the motion, filed December 15, 2006, by defendants Fort James Corporation, Fort James Operating Company, Fort James Fiber Company, and Fort James International Holdings, Ltd. (collectively, "Fort James"), to strike plaintiffs' jury demand with respect to the remaining claim, Count One of the Second Amended Complaint ("SAC").[1] Plaintiffs Jeffrey H. Beck, Liquidating Trustee, and Crown Paper Liquidating Trust

---

[1] Fort James's motion also seeks an order striking the jury demand with respect to Count Two. Because the Court, by order filed January 12, 2007, granted Fort James's motion for summary judgment on Count Two, the instant motion is, with respect to Count Two, moot.

(collectively, "the Trustee") have filed opposition, to which Fort James has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for January 19, 2007, and rules as follows.

**BACKGROUND**

On March 15, 2000, Crown Paper Company and Crown Vantage, Inc. (collectively, "Crown") filed for bankruptcy protection. During the course of the bankruptcy proceedings, Fort James filed proofs of claims against the bankruptcy estate. On September 26, 2001, the Trustee filed in the bankruptcy court the instant action against Fort James, alleging (1) claims on behalf of Crown's creditors, specifically, claims alleging fraudulent transfer, and (2) claims on behalf of Crown, specifically, negligence, conversion and related causes of action. On April 23, 2002, the Bankruptcy Court denied Fort James's motion to strike the jury demand in the original complaint, and certified the matter for withdrawal of the reference. See B.L.R. 9015-2(b). The matter subsequently was assigned to United States District Judge William H. Alsup.

On October 31, 2002, the Trustee filed a First Amended Complaint ("FAC"), again including claims both on behalf of Crown's creditors and claims on behalf of Crown itself. On December 16, 2002, Judge Alsup denied Fort James's motion to strike the jury demand in the FAC, without prejudice to Fort James's "bring[ing] a motion to strike the jury demand with regard to individual claims at the pretrial conference." (See Order Denying Def. Fort James's Mot. to Strike Pl.'s Jury Demand at 7:2-4.)

On April 16, 2003, the matter was reassigned to the undersigned. By orders filed September 25, 2003 and July 12, 2004, the Court dismissed with prejudice all of the claims the Trustee had filed on behalf of Crown. On August 6, 2004, the Trustee filed the SAC, by which it amended one of its existing fraudulent conveyance claims. On January 12, 2007, the Court granted Fort James's motion for summary judgment on Count Two, a claim made on behalf of Crown's creditors, by which the Trustee alleged that a 1998 conveyance from Crown to Fort James constituted a fraudulent transfer. As a result, the only remaining

2

1 claim is Count One, a claim on behalf of Crown's creditors, by which the Trustee alleges
2 certain August 1995 conveyances from Crown to Fort James constituted fraudulent
3 transfers.

**DISCUSSION**

Fort James argues the Trustee is not entitled to a jury trial on Count One, the sole remaining claim.

In response, the Trustee first argues the instant motion should be denied because Fort James has not, according to the Trustee, offered new facts or law to warrant reconsideration of Judge Alsup's order.  The Court disagrees.  First, the facts have materially changed; specifically, each claim the Trustee brought on behalf of Crown itself, pursuant to 11 U.S.C. § 541, has been dismissed, leaving only a fraudulent transfer claim brought on behalf of Crown's creditors, pursuant to 11 U.S.C. § 544(b).  Second, as noted, Judge Alsup denied Fort James's motion without prejudice to Fort James's renewing such motion as to specific claims, which is precisely what Fort James has done.[2]

The Court next addresses the Trustee's argument that the motion should be denied on its merits.  As noted, Count One alleges a fraudulent transfer claim.  Because a fraudulent transfer claim "seeks relief traditionally provided by law courts or on the law side of courts having both legal and equitable dockets," see Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 49 (1989), a party to such claim is entitled to a jury thereon, unless the claim is "part of the process of allowance and disallowance of claims" or is "integral to the restructuring of debtor-creditor relations," see id. at 58.

Where a creditor has filed a claim against a bankruptcy estate, and the bankruptcy trustee then files against the creditor an action to set aside an assertedly improper transfer, the bankruptcy trustee's "action becomes part of the claims-allowance process which is

---

[2] Before Judge Alsup, Fort James took the position that the Trustee was not entitled to a jury trial on any claim in the FAC, and did not seek to sever claims for which a jury is not available or otherwise request findings as to particular claims.  Given that Judge Alsup, as noted, denied the motion without prejudice to Fort James's refiling it as to specific claims, it is apparent Judge Alsup did not make a determination as to the Trustee's entitlement to a jury trial with respect to each individual claim.

triable only in equity." See Langenkamp v. Culp, 498 U.S. 42, 44 (1990); see also Katchen v. Landy, 382 U.S. 323, 336 (1966) (holding where trustee files claim against creditor to set aside transfer, creditor's claim "can neither be determined nor allowed until the creditor disgorges the alleged voidable preference he has already received"). This is precisely the situation presented by the instant action; here, Fort James filed claims against Crown's bankruptcy estate, and the Trustee responded by, inter alia, filing a claim to set aside transfers made by Crown to Fort James. Indeed, earlier in this proceeding, the Trustee essentially conceded that if the Trustee's action against Fort James had constituted only a fraudulent transfer claim, the Trustee would not have been entitled to a jury. (See Pl.'s Response in Opp. to Def. Fort James' Mot. to Strike Jury Demand, filed December 27, 2001, at 16:1-7; Transcript of Proceedings, April 3, 2002, 59:9-14, 60:15-24, 61:12-17, 62:22 - 63:12.)

The Trustee now takes the position that a trustee is entitled to a jury unless such trustee has knowingly "waived" such right, which the Trustee denies it has done herein. The Court finds such argument unpersuasive.

The holding in Langenkamp is not based on the concept of "waiver." Rather, as the Second Circuit has explained, "[T]he right to a jury trial is lost not so much because it is waived, but because the legal dispute has been transformed into an equitable issue." See Germain v. Connecticut Nat'l Bank, 988 F. 2d 1323, 1330 (2nd Cir. 1993).[3]

The Trustee cites no case in which a court has concluded a trustee is entitled to a jury trial on a fraudulent transfer claim filed against a creditor who has made a claim in the bankruptcy court. Rather, courts that have considered the issue have found such trustee was not entitled to a jury trial, not because the trustee had "waived" the right to a jury, but because, as is explained in Langenkamp, a fraudulent transfer claim, when filed against an

---

[3] The Trustee's reliance on Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.), 96 F. 3d 346 (9th Cir. 1996) is misplaced. The issue raised by the instant motion was not an issue raised in Benedor and there is no indication the Ninth Circuit's reference to waiver, in a footnote, was intended to suggest a finding contrary to Germain, which Benedor cites with approval. See id. at 354 n. 6.

existing claimant, becomes part of the claims allowance process.  See Citicorp North America, Inc. v. Finley (In re Washington Mfg. Co.), 128 B.R. 198, 202 (M.D. Tenn. 1991) (striking trustee's jury demand; holding decision as to whether trustee entitled to jury on fraudulent transfer claim not dependent on showing trustee "waived" right to jury, but "[r]ather, it is the fact that the Trustee's fraudulent conveyance [claim] is in reality an objection to the allowance of [the creditor's] claims which strips the Trustee of a jury right"); see also Dery v. National Bank of Detroit, Inc., 129 B.R. 133, 137 (E.D. Mich. 1990) (holding "Seventh Amendment does not entitle the trustee to a jury trial in [a] fraudulent conveyance action where the defendant has filed a claim against the estate" because such action is "inextricably intertwined with the claims allowance process").

In sum, the Court finds the Trustee's fraudulent transfer claim, because such claim is asserted against a party that has filed a proof of claim against the bankruptcy estate, is "part of the claims-allowance process which is triable only in equity."  See Langenkamp, 498 U.S. at 44.  Accordingly, the Trustee is not entitled to a jury trial on Count One.

The parties, in their respective papers, disagree as to whether, in the event the Court finds the Trustee is not entitled to a jury trial on Count One, the Court should refer Count One back to the Bankruptcy Court.  The Court will address this issue at the January 23, 2007 pretrial conference.

## CONCLUSION

For the reasons stated, Fort James's motion to strike the jury demand as to the remaining claim in the SAC, specifically, Count One, is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: January 18, 2007

MAXINE M. CHESNEY
United States District Judge